# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>JEREMIAH SHANE SOKOLOSKY<br><br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No. 22-mj-4166<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 27, 2022__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession of a firearm by a previously convicted felon |

This criminal complaint is based on these facts:

Please see the attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

/s/ Kristen Baker
*Complainant's signature*

ATF SA Kristen Baker
*Printed name and title*

Sworn to telephonically.

Date: 05/05/2022

*Judge's signature*

City and state: NASHVILLE, TN

E. Newbern, United States Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kristen Baker, having been duly sworn, hereby depose and swear to the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since August 2020. I am currently assigned to ATF Nashville Group V in Franklin, Tennessee. As an ATF Agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have been trained in conducting investigations into violations of the Federal firearms laws, the Controlled Substance Act, and other violations of federal law, including gang and racketeering related offenses. Prior to my employment with ATF, I served as a Counterintelligence Agent for the Defense Intelligence Agency ("DIA") in Washington, D.C. for four months.

2. I have participated in debriefings of defendants, co-conspirators, informants, and witnesses who have had personal knowledge regarding major narcotic and firearms trafficking organizations and organizations engaging in violent criminal activities. I am familiar with the methods of operation employed by firearms and narcotics traffickers including those involving the distribution, storage, and transportation of illegal firearms and narcotics.

3. The facts contained in this Statement are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This Statement does not contain each detail known by your affiant regarding this investigation. Instead, this Statement provides information necessary to establish probable cause to arrest Jeremiah Shane SOKOLOSKY for violating 18 U.S.C. § 922(g)(1) on April 27, 2022. Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

1

## APRIL 27, 2022, INCIDENT

4. On April 27, 2002, at approximately 1:30 p.m., Metropolitan Nashville Police Department ("MNPD") Officers conducted surveillance at 717 Spence Lane, Nashville, Tennessee, following their prior observation of traffic violations by Jeremiah SOKOLOSKY in a black Nissan Altima with no license plate. SOKOLOSKY backed the vehicle into a parking spot in front of a room at a hotel at this address. MNPD detectives observed a white male (later identified as SOKOLOSKY) and female (later identified as S.S.) exit the vehicle. An MNPD detective observed SOKOLOSKY, and S.S. rapidly cover the vehicle with a vehicle cover. S.S. and SOKOLOSKY then entered a room at the hotel.

5. While on surveillance, MNPD detectives observed SOKOLOSKY walk to a room at the hotel and speak with a bald, heavy set white male (later identified as C.H.) who was observed opening the door of another room at the hotel. SOKOLOSKY then returned to another room in the hotel.

6. MNPD detectives observed SOKOLOSKY acting in an abnormal manner as he exited a hotel room two separate times to return to a black Nissan Altima with no license plate in the parking lot. During both trips back to the black Nissan Altima, SOKOLOSKY ducked underneath a cover placed over the vehicle and would open the driver's side door before returning to his hotel room.

7. An MNPD detective observed two white males (later identified as E.H. and T.T.) and a white female exit a hotel room and walk to the rear of a Dodge SUV in the parking lot in front of an MNPD detective's vehicle. E.H. was observed removing a baggy of a white substance from his pocket and placing some of the substance on the back of his hand and snorting the substance up his nose, consistent with snorting cocaine or another controlled substance. E.H.

2

returned to a hotel room and T.T. got into the SUV with the white female. A traffic stop was conducted on T.T. who advised that the occupants of E.H.'s hotel room normally have cocaine in the room.

8. MNPD detectives attempted to contact the occupants of a particular room of the hotel by knocking, announcing, and identifying themselves as MNPD. An MNPD detective observed someone walk to the peep hole of the door and cover it, ignoring commands to open the door.

9. Violent Crime detectives removed the cover on the black Nissan Altima to run the VIN to identify the occupants and check if the vehicle was stolen. Observed in plain view by the MNPD detective was a small plastic baggy containing what appeared to be Xanax, a green leafy residue consistent with marijuana residue scattered throughout the vehicle, "roaches" (partially burnt cigars or cigarillos) consistent with marijuana blunts, multiple small plastic baggies consistent with narcotics distribution, and a rifle round behind the driver's seat on the floorboard.

10. MNPD detectives were obtaining search warrants for the black Nissan Altima and room at the hotel on Spence Lane when the female passenger, identified as S.S., came out of the room. S.S. stated there were multiple firearms in the room and the driver of the Nissan Altima was SOKOLOSKY. An MNPD detective confirmed SOKOLOSKY was a 3-time convicted felon in Smith County and is currently out on probation.

11. SOKOLOSKY remained inside of the hotel room and began making suicidal statements to Violent Crime detectives over the phone. SOKOLOSKY eventually surrendered to police and a search warrant of his hotel room was obtained and executed. The Nissan Altima was towed to the MNPD Tow in Lot.

12. During the search of SOKOLOSKY's hotel room, detectives seized nine (9) total firearms, one of which was reported stolen from Cookeville, Tennessee, and approximately eight (8) grams of suspected heroin/fentanyl. The firearms recovered were: one (1) Hi-Point/Haskell, model JH, .45 caliber pistol; one (1) HS Produkt, model Hellcat, 9mm pistol; one (1) Heckler and Koch, model VP9, 9mm pistol; one (1) Del-Ton Inc., model DTI-15, 5.56mm rifle; one (1) Hi-Point model 995, 9mm rifle; one (1) Norinco, model SKS, 7.62 mm rifle; one (1) Rock River Arms Inc., model LAR 15, 5.56 mm rifle; one (1) Charter Arms, model AR-7 Explorer, 22 caliber rifle.

13. A records check revealed SOKOLOSKY has felony convictions from the Criminal Court for Smith County, Tennessee. Specifically, SOKOLOSKY has the following convictions: (1) on April 2, 2018, in Case #17-CR-12 Count 1, in the Criminal Court of Smith County, SOKOLOSKY pled guilty to Possession of Schedule I, Heroin; Possession of Schedule II, Methamphetamine > .5 Gram w/Intent; Possession of Schedule VI, Marijuana and the sentence imposed for counts 1 and 3 was two (2) years imprisonment in Tennessee Department of Corrections (TDOC), while the sentence imposed for count 5 was eight (8) years imprisonment in Tennessee Department of Corrections (TDOC). Because SOKOLOSKY was sentenced to a term of imprisonment of greater than one (1) year, I submit that there is probable cause to believe that SOKOLOSKY knew that he had been convicted of an offense punishable by more than one (1) year in prison and thus knew he was a convicted felon prior to April 27, 2022.

14. ATF Special Agent (SA) R. Morgan Madison, a qualified ATF Firearms Interstate Nexus Expert, examined the aforementioned firearms and determined the firearms were firearms within the meaning of Title 18, United States Code, Chapter 44, Section 921(a)(3). SA Madison also determined that the firearms were not manufactured in the State of Tennessee, thus the firearms traveled in and affected interstate commerce.

15. Based on the foregoing, I submit that there is probable cause that Jeremiah SOKOLOSKY has committed the offenses of 18 U.S.C. § 922(g)(1).

Further affiant sayeth not.

5

Case 3:22-mj-04166   Document 1   Filed 05/05/22   Page 6 of 6 PageID #: 6